EXHIBIT 2

Case 1:05-cv-01187-RMU   Document 1-3   Filed 06/14/2005   Page 1 of 4



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Pittsburgh Area Office**

Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222-4187
(412) 644-3444
TTY (412) 644-2720
FAX (412) 644-2664

Ms. Valerie Jones
P O box 73992
Washington DC 20056

Charging Party,

CHARGE NO.: 100-2004-00214

University of the District of Columbia
4200 Connecticut Avenue N W
Washington DC 20008

Respondent.

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge.

All requirements for coverage have been met. Charging Party alleged that Respondent discriminated against her when it denied her a reasonable accommodation that met her medical restrictions and instead told her she would not be allowed to return to work without a full medical release, in violation of the Americans with Disabilities Act (the ADA).

Respondent denied the allegations and stated that when the Vice President of Public Safety and Emergency Management Services talked to Charging Party in July 2003, he explained to her what steps to take to return to work including providing a physician statement.

05 1187

Examination of the evidence indicates that Charging Party was released to return to work with restrictions beginning on or around July 2, 2003. At this time, she was told there were no light duty assignments available and that there never had been light duty assignments within the University Police Department.

**FILED**

JUN 1 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Letter of Determination (contd.)      -2-      Charge # 100-2004-00214

Witness testimony refutes that light duty assignments are not provided within the department. Based upon testimony it appears that short term light duty assignments are provided, but such accommodation requests are denied when the requested accommodation appears to be potentially long term in nature.

Witness testimony also supports Charging Party's allegation that she was told by the Vice President of Public Safety and Emergency Management Services that she would not be returned to work without a full release. Refusing to allow an employee to return to work without a full release violated the ADA since Respondent failed to provide a reasonable accommodation to Charging Party as required by the ADA. The testimony supports Charging Party's allegation that the Respondent refused to enter into the interactive process of providing her with a reasonable accommodation.

The ADA requires employers to enter into the interactive process when a person with a disability requests a reasonable accommodation. While Respondent contends that it needed physician statements, Charging Party would have provided medical records had Respondent properly entered into the interactive process instead of rejecting her attempts of providing medical documentation and returning to work.

Finally, the record reflected that Charging Party again in August 2004, attempted to provide doctors notes which allowed for her release with medical restrictions. Respondent continues to deny her reinstatement and has not yet entered into the interactive process of providing a reasonable accommodation which is required by law.

Based on this analysis, I have determined that the evidence obtained during the investigation establishes a violation of the statute(s).

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. In this regard, conciliation of this matter has now begun. Please be advised that upon receipt of this finding, any reasonable offer to resolve this matter will be considered. The Commission is seeking back pay, compensatory damages and actual monetary costs incurred by the Charging Party. A Commission representative will prepare a monetary demand to include back pay, compensatory damages for the Charging Party, and, if appropriate, attorney fees and costs which have accrued to date. Again, the Commission is postured to consider any reasonable offer during this period. If an offer has not previously been submitted, Respondent is requested to accept, reject, or submit a counteroffer to the conciliation proposal which will be forthcoming on behalf of Charging Party.

The confidentiality provisions of the statute(s) and Commission Regulations apply to information obtained during conciliation.

Letter of Determination (contd.)　　　　-3-　　　　Charge # 100-2004-00214

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission,

09-28-04
Date

Marie M. Tomasso, District Director