UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE JONES, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>THE UNIVERSITY OF THE DISTRICT OF )<br>COLUMBIA, BOARD OF TRUSTEES OF THE )<br>UNIVERSITY OF THE DISTRICT OF )<br>COLUMBIA )<br>4200 Connecticut Ave., N.W. )<br>Washington, DC 20008 )<br>)<br>    and )<br>)<br>DISTRICT OF COLUMBIA )<br>A municipal corporation )<br>441 4th Street, N.W. )<br>Washington, DC 20001 )<br>)<br>    Defendants. )<br>_____ ) | Civil Action No. 05-1187 (RMU) |

## THE BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA'S ANSWER TO THE AMENDED COMPLAINT

Defendant, The Board of Trustees of the University of the District of Columbia, through undersigned counsel, responds to the Amended Complaint ("Complaint") as follows:

1. Paragraph 1 sets forth plaintiff's theory of the case and thus requires no response. To the extent that any further answer is required in response, defendant denies all allegations therein.

2. Defendant denies that jurisdiction is necessarily conferred by the allegations contained in paragraph 2 of the Complaint. Defendant admits that this action was filed within ninety days after plaintiff received her right to sue letter from the EEOC.

3. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that plaintiff has been employed as a university police officer during at least some of the time period alleged in paragraph 7 of the Complaint.

8. The allegations contained in paragraph 8 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations regarding the nature and extent of any alleged medical condition.

9. The allegations contained in paragraph 9 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

10. The allegations contained in paragraph 10 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

11. The allegations contained in paragraph 11 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

12. The allegations contained in paragraph 12 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

13. Defendant admits that plaintiff has not worked for defendant since at least 2003.

14. The allegations contained in paragraph 14 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

15. The allegations contained in paragraph 15 of the Complaint state conclusions of the law or of the pleader to which no response is required.

16. The allegations contained in paragraph 16 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint.

18. The allegations contained in paragraph 18 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

Count 1

19. Defendant incorporates by reference its responses to paragraphs 1-18 of the Complaint.

20. The allegations contained in paragraph 20 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

21. Paragraph 21 of the Complaint states plaintiff's demand for a jury trial, to which no response is required.

Count 2

22.     Defendant incorporates by reference its responses to paragraphs 1-18 of the Complaint.

23.     The allegations contained in paragraph 23 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

24.     Paragraph 24 of the Complaint states plaintiff's demand for a jury trial, to which no response is required.

First Affirmative Defense

Plaintiff may have failed to exhaust her administrative remedies and failed to comply with other mandatory filing requirements.

Second Affirmative Defense

Plaintiff may have failed to timely file a charge of discrimination with the EEOC and/or the Office of Human Rights.

Third Affirmative Defense

Plaintiff may have failed to timely file the instant Complaint.

Fourth Affirmative Defense

Plaintiff would have been subjected to the same employment actions even absent the alleged discrimination.

<u>Fifth Affirmative Defense</u>

Plaintiff has failed to mitigate any damages that she may have incurred.

<u>SET-OFF</u>

The defendant claims a set-off against any amount awarded to plaintiff for the cost and value of any care, treatment or services provided to her by the District of Columbia or its agencies.

<u>JURY TRIAL DEMAND</u>

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


<u>/s/ Holly M. Johnson /s/</u>
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


<u>/s/ Carl J. Schifferle /s/</u>
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

5